2012 ME 87

**Steven R. DANZIG**

v.

**BOARD OF SOCIAL WORKER LICENSURE.**

Supreme Judicial Court of Maine.

Argued: June 14, 2012.
Decided: July 3, 2012.

Walter F. McKee, Esq. (orally), McKee Law, P.A., Augusta, on the briefs, for appellant Steven R. Danzig.

William J. Schneider, Attorney General, and Robert C. Perkins, Asst. Atty. Gen. (orally), Augusta, on the briefs, for appellee Board of Social Work Licensure.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1]   Steven R. Danzig appeals from a judgment entered in the Superior Court (Kennebec County, *Murphy, J.*) affirming the Maine Board of Social Worker Licensure's denial of his application to become a licensed clinical social worker (LCSW). The Board denied Danzig's application after concluding that he was "self-employed" during his requisite clinical internship, which is prohibited pursuant to Board rules, 8 C.M.R. 02–416 013–4 to 013–5 § 5(1)(D) (2004). Danzig argues that the Board's decision was based on an error of law and was not supported by substantial evidence in the record. We affirm the judgment.

[¶ 2]   Danzig is currently a licensed master social worker, conditional (clinical).[1] In April 2010 Danzig applied to the Board for an LCSW license. To be approved for this license, Danzig was required to complete a clinical internship that provided for ninety-six hours of consultation concurrent with 3200 hours of social work employment within two years. 32 M.R.S. § 7053(1)(A)(1) (2011); 8 C.M.R. 02–416 013–4 § 5(1)(D)(2). Seventy-two of these hours had to be individual, face-to-face consultation, and the remaining twenty-four hours could be completed in a group

---

1.  The licensed master social worker, conditional (clinical) license (LMSW–CC) is a prerequisite to the licensed clinical social worker license (LCSW) that Danzig now seeks. *See* 8 C.M.R. 02–416 013–4 § 5(1)(B) (2004).

or by video conference. 8 C.M.R. 02–416 013–4 § 5(1)(D)(2). The consultation had to be with an LCSW or certified social worker in independent practice. *Id.* § 5(1)(D). Board rules also state:

> Credit for consultation experience will only be given to practice in clinical settings such as organized public or private agencies, schools, institutions or other organizations which provide opportunities for contact with other professional disciplines and work experience with broad ranges of clients. Credit will not be given for practice with formal or informal affiliations of licensees or self-employed licensees.

8 C.M.R. 02–416 013–4 to 013–5 § 5(1)(D). The term "self-employed" is not defined in the Board statute or regulations.

[¶ 3] In 2004, Danzig and his wife incorporated Danzig Addiction Services, later renamed Danzig Counseling Services (DCS). In 2008, after he had completed his master's degree in social work, Danzig and his wife established a licensed outpatient mental health counseling agency under the corporate umbrella of DCS. Danzig is the only licensed social worker providing services to clients though the mental health agency. Danzig considers himself to be an employee of DCS; he receives an IRS W–2 form from DCS. Danzig and his wife are and always have been DCS's only two members of the Board of Directors. Danzig is the executive director and president of the corporation, the one-hundred-percent owner of the corporation, and the person with final decision-making power within the corporation.[2]

[¶ 4] Barbara Harding–Loux is identified as the clinical supervisor of the agency, and is an independent contractor of DCS. She does not provide services to clients through the agency. As the person solely responsible for hiring and firing staff, Danzig has the authority to fire Harding–Loux. Harding–Loux and Danzig consulted for the requisite number of hours, and Danzig claims that those hours satisfy the consultation requirement for the LCSW license.

[¶ 5] On November 12, 2010, the Board held a hearing to investigate whether Danzig had engaged in private practice without an LCSW license in violation of 32 M.R.S. §§ 7001–A(9), 7053–A(1) (2011),[3] and whether he completed his consultation hours while self-employed in violation of Board rules, 8 C.M.R. 02–416 013–4 to 013–5 § 5(1)(D). The Board heard testimony from Danzig, his wife, Harding–Loux, the one other employee of DCS, and another professional with whom Danzig has worked. Following the hearing the Board issued a written order denying Danzig's application for an LCSW license on the basis that Danzig completed his consultation hours while self-employed, and thus could not be given credit for the hours. The Board also found that Danzig engaged in private practice without an LCSW license, but it did not issue any discipline for the violation.

[¶ 6] The Board applied two dictionary definitions of the term "self-employed" that focus on whether the employee is also the employer, and held that those definitions, rather than tax-law definitions, govern. The Board concluded that Danzig

---

**2.** Danzig's wife, Jennifer, is an accountant. She testified before the Board that she is not a shareholder of Danzig Counseling Services because any shareholder of a professional counseling association must be a therapist.

**3.** Title 32 M.R.S. § 7053–A(1) (2011) provides that an individual licensed as a "licensed master social worker, conditional" may not engage in "private clinical practice." Title 32 M.R.S. § 7001–A(9) (2011) defines "[p]rivate practice" as "social work on a self-employed basis."

was self-employed because he owned and ran the business; was president, sole shareholder, and executive director of the agency; hired and fired personnel; was the sole licensed social worker providing services through the mental health agency; and made the final decision on most matters. Danzig timely appealed to the Superior Court pursuant to M.R. Civ. P. 80C. The court upheld the Board's decision, concluding that its interpretation of "self-employed" pursuant to its own statute and regulations governing LCSW applicants was not unreasonable.

[¶ 7] We review the decision of an agency directly for an abuse of discretion, errors of law, or findings unsupported by substantial evidence from the record. *Rangeley Crossroads Coal. v. Land Use Regulation Comm'n,* 2008 ME 115, ¶ 10, 955 A.2d 223. "An agency's interpretation of its own internal rules will be given considerable deference and will not be set aside unless the rule plainly compels a contrary result, or the rule interpretation is contrary to the governing statute." *Friends of the Boundary Mountains v. Land Use Regulation Comm'n,* 2012 ME 53, ¶ 6, 40 A.3d 947.

[¶ 8] As the Superior Court pointed out in its decision, the Board "ultimately rested on a determination of who possessed ultimate control and decision-making power within DCS." The record provides abundant support for the Board's findings that Danzig controlled the corporation and that he had authority over the person who was supposed to be providing consultation and supervision. *See Rangeley Crossroads Coal.,* 2008 ME 115, ¶ 10, 955 A.2d 223 (stating that the Court is bound to affirm findings of fact if they are supported by substantial evidence in the record and could have been fairly and reasonably found). Nor did the Board act unreasonably in adopting a common-sense, rather than tax-law, definition of "self-em-

ployed." *See Brodeur v. NMC Homecare,* 654 A.2d 443, 445 & n. 3 (Me.1995) (noting that the tax code does not control the interpretation of the Maine Workers' Compensation Act because the two statutes were enacted for entirely different purposes, and that self-employed individuals can be considered employees for other tax purposes). The statute and rules do not compel a contrary result, and we therefore defer to the Board's conclusion that Danzig was "self-employed" as interpreted by the Board.

The entry is:

Judgment affirmed.